IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MOEHRL, MICHAEL COLE, STEVE DARNELL, VALERIE NAGER, JACK RAMEY, DANIEL UMPA, and JANE RUH, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, THE LONG & FOSTER COMPANIES, INC., RE/MAX LLC, and KELLER WILLIAMS REALTY, INC., <br><br> Defendants. | Case No: 1:19-cv-01610 <br><br> Judge Andrea Wood |

## JOINT STATUS REPORT

Pursuant to the Court's Order (ECF No. 212), Plaintiffs, Christopher Moehrl, Michael Cole, Steve Darnell, Valerie Nager, Jack Ramey, Daniel Umpa, and Jane Ruh, on behalf of themselves and all others similarly situated ("Plaintiffs"), and Defendants, The National Association of Realtors®, Realogy Holdings Corp., HomeServices of America, Inc., BHH Affiliates, LLC, The Long & Foster Companies, Inc., RE/MAX LLC, and Keller Williams Realty, Inc. ("Defendants"), (collectively, the "Parties"), respectfully submit this Joint Status Report setting forth the current status of discovery, as well as disputes and other issues the Parties wish to raise at the next status conference on February 24, 2021, at 11:00 a.m.

I.    **FRANCHISEE DISCOVERY**

Plaintiffs and Realogy Holdings Corp., HomeServices of America, Inc., BHH Affiliates, LLC, The Long & Foster Companies, Inc., RE/MAX LLC, and Keller Williams Realty, Inc. (the "Corporate Defendants") previously advised the Court that they were at an impasse on whether the Corporate Defendants have possession, custody, or control over certain documents associated with brokerages that operate pursuant to franchise agreements with the Corporate Defendants.

Plaintiffs and the Corporate Defendants have now completed briefing on this issue, which is scheduled for hearing on Wednesday, February 24, at 11 a.m. The Corporate Defendants request that the Court schedule this hearing via Zoom so that the Defendants would be able to show certain materials to the Court. Alternatively, the Defendants could submit those materials to the Court via email prior to the hearing.

## II. DEFENDANTS' DOCUMENT REQUESTS AND INTERROGATORIES

**Plaintiffs' Position**

Plaintiffs advised Defendants that named Plaintiff Valerie Nager intended to withdraw from the litigation on November 18, 2020 and sought their consent. On January 12, 2021, Defendant NAR subsequently served discovery requests on Ms. Nager and requested her deposition. Having not received Defendants' position on Ms. Nager's request to withdraw, on February 3, 2021, Plaintiffs again raised the issue and circulated a proposed joint stipulation. Plaintiffs further advised that if the parties could not agree on a joint stipulation, Plaintiffs would move to withdraw Ms. Nager as a class representative and for a protective order. Following a meet and confer with NAR, NAR agreed to give Ms. Nager until March 3 to respond to the discovery requests served on her. On February 10, Defendants then jointly served discovery requests and interrogatories on all Plaintiffs, including Ms. Nager.[1]

Plaintiffs intend to file shortly on behalf of Ms. Nager a motion to withdraw under Federal Rule of Civil Procedure 21. Plaintiffs also intend to move for a protective order should Defendants continue to seek discovery from Ms. Nager. Ms. Nager no longer wishes to participate in the litigation for personal reasons. Plaintiffs' position is that such a request is routine and should be granted because neither NAR nor the other Defendants has incurred any burden or prejudice from specifically litigating against Ms. Nager. Indeed, Plaintiffs promptly sought Defendants' consent for Ms. Nager to withdraw almost immediately after receiving Defendants' answers. Accordingly, all of Defendants' discovery was served after they first learned that Ms. Nager wished to withdraw from the litigation. Moreover, the discovery served on Ms. Nager is hardly "modest," as NAR contends. Indeed, NAR served a deposition request on Ms. Nager alone among the Plaintiffs. And NAR's document requests are specifically targeted at Ms. Nager's decisions to join and then withdraw from the case—not her underlying claims. Such discovery is irrelevant to predominance issues since they solely regard Ms. Nager's individual decisions.[2] There is no reason to condition Ms. Nager's withdrawal from the litigation on responses to discovery that would be unwarranted if served on absent class members.

**NAR's Position**

NAR does not object to the dismissal of Ms. Nager. However, NAR asks the Court to condition the dismissal on her production of documents and a short deposition, as is not uncommon

---

[1] Defendants also purported to include non-party Sawbill in their discovery requests, but have since advised Plaintiffs that they do not intend to pursue discovery against Sawbill.

[2] NAR served a total of two document requests directed to Ms. Nager for all communications "relating to your decision to join the lawsuit as a class representative" and "your decision to withdraw from this lawsuit."

2

in these situations so as to avoid prejudice to the defendants. Ms. Nager has been a named plaintiff since the inception of this case and is represented by class counsel. Complying with this modest discovery is not intended to harass her in any way. NAR has reason to believe that discovery of Ms. Nager would support defendants' argument that plaintiffs cannot meet the predominance requirement of Rule 23(b). In view of the fact that the franchisee discovery issues will occupy most of the Court's time during the hearing on February 24, NAR would request permission to submit a short brief on this issue.

### III. THE HOMESERVICES DEFENDANTS' MOTION TO STRIKE CERTAIN CLASS ALLEGATIONS

On January 12, 2021, Plaintiffs and the HomeServices Defendants completed briefing on the HomeServices Defendants' motion to strike certain class allegations. (Doc. Nos. 206, 208, 210.)

As the parties advised the Court during the January 19, 2021 status conference, the HomeServices Defendants have objected to producing documents and transactional data from the subsidiaries at issue pending resolution of the motion to strike. And, as the HomeServices Defendants ("HSDs") advised the Court, the parties met and conferred and reached an agreement that in the event that the Court denies the HSDs' motion to strike, the HSDs will designate an agreed-upon number of additional custodians and will produce reasonably accessible transactional data from these subsidiaries.

### IV. THE *LEEDER* CASE

On January 25, 2021, a complaint was filed in *Leeder v. NAR, et al*, Case No. 1:21-cv-00430 (N.D. Ill.). Plaintiff Judah Leeder checked the "related case" box in the Civil Cover Sheet and identified this matter. He seeks to represent a class of residential home buyers, whereas the Plaintiffs in the instant action seek to represent a class of residential home sellers. The *Leeder* case is currently assigned to Judge Pacold. Defendants understand that the plaintiff in *Leeder* has taken the position that *Leeder* is related to this action and intends to file a motion before Your Honor to transfer the case to this Court.

### V. REMAINING DISCOVERY ISSUES

Various Parties continue to confer on additional discovery issues, including the scope of certain document requests and transactional data productions. If, after conferring in good faith, the Parties are unable to resolve any outstanding discovery issues, they will raise them with the Court when they become ripe.

3

Dated: February 19, 2021

*Co-Lead Counsel for Plaintiffs*

/s/ Robert A. Braun
Daniel A. Small
 dsmall@cohenmilstein.com
Kit A. Pierson
 kpierson@cohenmilstein.com
Benjamin D. Brown
 bbrown@cohenmilstein.com
Robert A. Braun
 rbraun@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600

Carol V. Gilden (Bar No. 6185530)
 cgilden@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC
190 South LaSalle Street, Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370

Marc M. Seltzer
 mseltzer@susmangodfrey.com
Steven G. Sklaver
 ssklaver@susmangodfrey.com
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100

Matthew R. Berry
 mberry@susmangodfrey.com
Alexander W. Aiken
 aaiken@susmangodfrey.com
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle, Washington 98101
Telephone: (206) 516-3880

Respectfully submitted,

*Counsel for Homeservices of America, Inc., BHH Affiliates, LLC, HSF Affiliates, LLC, The Long & Foster Companies, Inc.*

/s/ Robert D. Macgill
Robert D. Macgill
 robert.macgill@macgilllaw.com
Matthew T. Ciulla
 matthew.ciulla@macgilllaw.com
MACGILL PC
55 Monument Circle, Suite 1200C
Indianapolis, IN 46204
(317) 721-1253

Jay N. Varon
 jvaron@foley.com
Jennifer M. Keas
 jkeas@foley.com
FOLEY AND LARDNER LLP
3000 K Street NW, Suite 600
Washington, DC 20007
(202) 672-5436

James D. Dasso
 jdasso@foley.com
FOLEY & LARDNER LLP
321 N. Clark St., Suite 2800
Chicago, IL 60654
(312) 832-4588

*Counsel for Realogy Holdings Corp.*

/s/ Kenneth M. Kliebard
Kenneth Michael Kliebard
 kenneth.kliebard@morganlewis.com
Heather Nelson
 heather.nelson@morganlewis.com
MORGAN LEWIS & BOCKIUS LLP
77 West Wacker Drive, Suite 500
Chicago, IL 60601-5094
(312) 324-1000

Beatrice C. Franklin
bfranklin@susmangodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas
32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

Steve W. Berman (Bar No. 3126833)
steve@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

Daniel Kurowski
dank@hbsslaw.com
Whitney Siehl
wsiehl@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
455 North Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949

Rio S. Pierce
riop@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000

Stacey Anne Mahoney, *pro hac vice*
stacey.mahoney@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
(212) 309-6000

William T. McEnroe
william.mcenroe@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000

***Counsel for Keller Williams Realty, Inc.***

*/s/ Timothy Ray*
Timothy Ray
Timothy.Ray@hklaw.com
William F. Farley
william.farley@hklaw.com
HOLLAND & KNIGHT LLP
150 N. Riverside Plaza, Suite 2700
Chicago, IL 60603
(312) 263-3600

David C. Kully
david.kully@hklaw.com
Anna P. Hayes
anna.hayes@hklaw.com
HOLLAND & KNIGHT LLP
800 17th Street NW, Suite 1100
Washington, DC 20530
(202) 469-5415

*Counsel for RE/MAX, LLC*

*/s/ Jeremy J. Gray*
Jeremy J. Gray
 jjgray@jonesday.com
Odeshoo Hasdoo
 ehasdoo@jonesday.com
Megan E. Ryan
 mryan@jonesday.com
JONES DAY
77 W Wacker, Suite 3500
Chicago, IL 60605
(312) 782-3939

Jeffrey A. LeVee
 jlevee@jonesday.com
JONES DAY
555 S. Flower Street, 50th Floor
Los Angeles, CA 90071
(213) 243-2572

*Counsel for Defendant*
*National Association of Realtors®*

*/s/ Jack R. Bierig*
Jack R. Bierig
 jbierig@schiffhardin.com
Adam J. Diederich
 adiederich@schiffhardin.com
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
312-258-5500 (Phone)
312-258-5600 (Fax)

Robert J. Wierenga
 rwierenga@schiffhardin.com
Suzanne L. Wahl
 swahl@schiffhardin.com
SCHIFF HARDIN LLP
350 S. Main Street, Suite 210
Ann Arbor, MI 48104
(734) 222-1517